Mary Jo O'Neill, AZ Bar No. 005924
Andrea G. Baran, MO Bar No. 46520
Meenoo Chahbazi, DC Bar No. 494651
**Equal Employment Opportunity Commission**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone:  602-640-5061
Email:  mary.oneill@eeoc.gov
andrea.baran@eeoc.gov
meenoo.chahbazi@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) ) ) **COMPLAINT** |
| vs. | ) ) ) |
| ABCO West Electrical Construction & Design, L.L.C. and ABCO Electrical Construction & Design, L.L.C., | ) ) **JURY DEMAND** ) ) ) |
| Defendants. | ) ) |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Billy Hackney, a person with a disability who was adversely affected by such practices.  The Commission alleges that Defendants ABCO West Electrical Construction & Design and ABCO Electrical Construction & Design (hereinafter "Defendants" or "ABCO") discriminated against Mr. Hackney because of his disability including but not limited to

terminating Mr. Hackney's employment because of his disability and in retaliation for his requests for accommodations, and failing to rehire Mr. Hackney because of his disability and in retaliation against Mr. Hackney because he engaged in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), <u>as amended,</u> 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, ABCO West Electrical Construction & Design, has continuously been an Arizona corporation doing business in the State of Arizona and has continuously had at least 15 employees.

5. At all relevant times, ABCO Electrical Construction & Design, has continuously been an Illinois corporation doing business in the State of Arizona as a joint employer with ABCO West Electrical Construction & Design, and has continuously had at least 15 employees.

6. At all relevant times, ABCO West Electrical Construction & Design has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, ABCO Electrical Construction & Design has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, ABCO West Electrical Construction & Design has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. At all relevant times, ABCO Electrical Construction & Design has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **STATEMENT OF CLAIMS**

10. More than thirty days prior to the institution of this lawsuit, Billy Hackney filed a charge with the Commission alleging violations of Title I of the ADA

by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Billy Hackney is a person with a disability as defined by the ADA. Mr. Hackney has an amputated right leg. As a result of his amputation, Mr. Hackney is substantially limited in one or more major life activities, including but not limited to the major life activity of walking.

12. Billy Hackney was employed by Defendants from approximately June 15, 2009 to June 25, 2009 as a Journeyman / Wireman, and he was and remains capable of performing the essential functions of that job with or without a reasonable accommodation.

13. On or about June and July 2009, Defendants engaged in the following unlawful employment practices at their Phoenix, Arizona facility, in violation of Title I of the ADA, Sections 102(a) and (b), and Title V of the ADA, Sections 503(a) and (b), 42 U.S.C. §§ 12112(a) and (b), and § 12203(a) and (b):

   (a) denying and interfering with Billy Hackney's employment opportunities based on his need for reasonable accommodation;

   (b) terminating Billy Hackney's employment because of his disability and in retaliation for his requests for reasonable accommodation;

   (c) refusing to rehire Billy Hackney because of his disability and in retaliation for his requests for reasonable accommodation and his protected activity in reporting Defendants' discriminatory actions to his labor union and the Commission.

14. The effect of the practices complained of in paragraph 13 above by Defendants has been to deprive Billy Hackney of equal employment opportunities and otherwise adversely affect his status as an employee and job applicant because of his disability.

15. The unlawful employment practices complained of in paragraph 13 above by Defendants were intentional.

16. The unlawful employment practices complained of in paragraph 13 above by Defendants were done with malice or with reckless indifference to the federally protected rights of Billy Hackney.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining ABCO West Electrical Construction & Design and ABCO Electrical Construction & Design, their officers, successors, assigns, and all persons in active concert or participation with them, from terminating, refusing to hire and/or rehire, and retaliating against qualified individuals with disabilities because of their disabilities or in retaliation for their protected complaints or engaging in any other employment practice which discriminates on the basis of disability;

B. Order ABCO West Electrical Construction & Design and ABCO Electrical Construction & Design to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with

disabilities, and that eradicate the effects of its past and present unlawful employment practices;

  C. Order ABCO West Electrical Construction & Design and ABCO Electrical Construction & Design to make Billy Hackney whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful-place hiring of Billy Hackney;

  D. Order ABCO West Electrical Construction & Design and ABCO Electrical Construction & Design to make whole Billy Hackney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, including job search expenses, in amounts to be determined at trial;

  E. Order ABCO West Electrical Construction & Design and ABCO Electrical Construction & Design to make whole Billy Hackney by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  F. Order ABCO West Electrical Construction & Design and ABCO Electrical Construction & Design to pay Billy Hackney punitive damages for their

malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper and in the public interest;

    H.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 20th day of September, 2011.

                P. DAVID LOPEZ
                General Counsel

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                1801 L Street, NW
                Washington, D.C. 20507

                */s/ Mary Jo O'Neill*
                MARY JO O'NEILL
                Regional Attorney

                */s/ Andrea G. Baran*
                ANDREA G. BARAN
                Supervisory Trial Attorney

*/s/ Meenoo Chahbazi*
MEENOO CHAHBAZI
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the Trial Attorneys.**